NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0217n.06

No. 10-3028

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 08, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| CARL DREWERY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Circuit Judge; SUHRHEINRICH and GRIFFIN, Circuit Judges.

PER CURIAM.

Carl Drewery appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

I.

Drewery was charged with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); distribution of cocaine base in violation of *id.* § 841(a)(1) and (b)(1)(B) (Count 60); and distribution of cocaine base in violation of *id.* § 841(a)(1) and (b)(1)(A) (Count 61). He pled guilty to Count 1 and was sentenced to 110 months' imprisonment followed by three years of supervised release. Thereafter, Drewery filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the amendments to the Sentencing Guidelines, which lowered the base offense levels for crack cocaine offenses. The

district court denied Drewery's motion, concluding that he was ineligible for a sentence reduction because he was sentenced as a career offender. Drewery timely appeals.

## II.

We have jurisdiction under 18 U.S.C. § 3742(a)(1) because Drewery alleges that his sentence was imposed in violation of law. *United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010). Where, as here, the district court did not exercise its discretion in denying the motion but "conclude[d] that it lack[ed] the authority to reduce [the] defendant's sentence under the statute, the district court's determination . . . is a question of law that is reviewed *de novo*." *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (citation omitted).

## III.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The crack cocaine amendments reduced the § 2D1.1 base offense levels for crack by two and were made retroactive. *See* U.S.S.G. § 2D1.1; U.S.S.G., Amends. 706, 711, and 715. Drewery filed a motion for a reduction under 18 U.S.C. § 3582(c)(2) based on the crack cocaine amendments, but the district court denied the motion. It concluded that the amendments did not lower Drewery's applicable sentencing range, and thus he was ineligible for a sentence reduction pursuant to §

3582(c)(2) because, as a career offender, his applicable range was determined under U.S.S.G. §

4B1.1, not under § 2Dl.1.

Drewery does not challenge his career offender designation, but he argues that after "the

three-level reduction under § 3E1.1 and the six-level reduction under § 5Kl.l[,]" he was "not

sentenced within the § 4B1.1 guideline [range]." Drewery also asserts that the district court erred

because "post-[*United States v. Booker*, 543 U.S. 220 (2005)], all guideline provisions are

discretionary and no longer mandatory . . . ." The problem, as Drewery admits, is that these

arguments are squarely foreclosed by precedent. *See United States v. Payton*, 617 F.3d 911, 914 (6th

Cir. 2010) (finding that offense-level reductions do not render a defendant sentenced as career

offender eligible for reduction under § 3582(c)(2)); *United States v. Perdue*, 572 F.3d 288, 292 (6th

Cir. 2009) (rejecting *Booker*-based argument because, "[e]ven assuming . . . that the Sentencing

Commission has no authority to limit the district court's ability to reduce [a defendant's] sentence,

*Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C.

§ 3582(c)(2)").[1]

The district court therefore correctly determined that Drewery was ineligible for a sentence

reduction.

AFFIRMED.

---

[1]The latter argument is also precluded by *Dillon v. United States*, — U.S. — , 130 S. Ct. 2683 (2010), which makes clear that the remedial aspect of *Booker* does not apply to proceedings under 18 U.S.C. § 3582(c)(2). *Id.* at 2693.