NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0535n.06

08-6026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Ag 03, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE |
| | ) | WESTERN DISTRICT OF |
| v. | ) | KENTUCKY |
| | ) | |
| KENSTON L. TAYLOR, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    MOORE, GIBBONS, and McKEAGUE, Circuit Judges.

**Per Curiam.**  Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Kenston L. Taylor was convicted of one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and sentenced to 77 months in prison.  Subsequently, the Sentencing Commission approved Amendment 706, which together with Amendment 713, retroactively reduced the base offense levels applicable to crack cocaine offenses.  Taylor filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 706.  The district court denied the motion, relying on the holding in *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), which stated that, "absent an agreement of the parties," the plain language of Rule 11(c)(1)(C) did not permit alteration of the agreed sentence under § 3582(c)(2), despite the retroactivity of the amendment at issue.  *Id.* at 379.

Taylor appealed the district court's denial, challenging this court's holding in *Peveler*. During the pendency of the appeal, the Supreme Court granted certiorari in another case from this circuit addressing the same issue raised by Taylor and also relying on *Peveler*'s holding to deny relief under § 3582(c)(2) and Amendment 706. *See United States v. Goins*, 355 F. App'x 1 (6th Cir. 2009). The Supreme Court recently issued its decision, reversing this court's decision and remanding the case for further proceedings. *Freeman v. United States*, 131 S. Ct. 2685 (2011). Although there was no majority opinion in *Freeman*, Taylor's case is still controlled by even the most narrow interpretation of the case's holding as advanced by the concurrence. Here, as in *Freeman*, Taylor's recommended sentence was both imposed in light of and expressly tied to the Guidelines sentencing range in which his sentence fell, and it was that range that was lowered by Amendment 706. *See id.* at 2694; *id.* at 2695 (Sotomayor, J., concurring in the judgment). Accordingly, we remand Taylor's case to the district court for further proceedings consistent with the Supreme Court's opinion.