**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2391
_____

UNITED STATES OF AMERICA

v.

ROBERT CARRIGAN,

Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-04-cr-00250-003)
District Judge:  Honorable James M. Munley
_____

On Remand from the
Supreme Court of the United States
August 1, 2011
_____

Before:  SLOVITER, AMBRO, and SMITH, <u>Circuit Judges</u>

(Opinion filed: October 5, 2011)
_____

OPINION
_____

PER CURIAM

The Supreme Court has vacated our Order granting the Government's motion for

summary action and remanded for us to reconsider Robert Carrigan's appeal in light of

the Court's recent decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011). *See*

*Carrigan v. United States*, No. 10-6258, 2011 WL 2535077 (June 28, 2011).

Carrigan was arrested and charged with conspiracy to distribute in excess of 50

grams of cocaine base ("crack") and 500 grams of cocaine, in violation of 21 U.S.C.

§ 846. In November 2005, he entered into a plea agreement with the Government

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement, which

was based on the Federal Sentencing Guidelines in effect at the time, recommended a

sentence of 110 months as well as a minimum fine and a special assessment of $100. The

parties stipulated that Carrigan was classified as a career offender under § 4B1.1 of the

Sentencing Guidelines, resulting in a base offense level of 34 and a criminal history

category of VI. The District Court reviewed the plea agreement, conducted a sufficient

plea colloquy, and on February 16, 2006 entered judgment pursuant to the plea

agreement.

Effective November 1, 2007, the United States Sentencing Commission lowered

the sentencing ranges of cases involving cocaine base by two levels. *See* U.S. Sentencing

Guidelines Manual Supp. App. C, Amdt. 706. With another amendment effective March

2008, the Commission made that reduction in Guidelines sentences retroactive. *See id.*

Amdt. 713.

Carrigan thereafter moved the District Court for reconsideration of his sentence,

which was based in part on a conspiracy to distribute cocaine base, under 18 U.S.C.

§ 3582(c)(2). That section permits sentencing courts to reduce prior sentences whose

ranges have subsequently been lowered by the Sentencing Commission. The

Commission's two-level reduction in cocaine base offenses would have lowered Carrigan's minimum sentence. However, Carrigan conceded that his 110-month sentence would remain within the range established by the revised Guidelines.

In April 2009, the District Court denied Carrigan's motion. Its Order noted that the 110-month sentence had been imposed under a plea agreement pursuant to Rule 11(c)(1)(C). We had recently held that defendants whose sentences were based on plea agreements under Rule 11 were not eligible for sentencing reductions under § 3582(c)(2). *United States v. Sanchez*, 562 F.3d 275, 279 (3d Cir. 2009). Carrigan appealed, and the Government moved for summary action. Following our precedent in *Sanchez*, we granted the Government's motion in an order dated June 10, 2010.

Carrigan appealed this Order to the Supreme Court, which granted *certiorari*, vacated the order in light of its opinion in *Freeman*, and remanded to our Court. In that case, the Supreme Court rejected our holding in *Sanchez* that Rule 11 plea agreements foreclosed motions for sentence reductions pursuant to § 3582(c)(2). When "the judge's decision to accept the plea and impose the recommended sentence is . . . based on the Guidelines," the *Freeman* plurality wrote, "the defendant should be eligible to seek § 3582(c)(2) relief." 131 S. Ct. at 2695.

On receiving the Supreme Court's opinion, we asked the parties to file simultaneous memoranda regarding the effect of the Court's decision on the merits of Carrigan's appeal. Both parties recognize that the District Court's approval of the plea agreement in this case was based on the Guidelines then in effect. Therefore, at a

minimum, *Freeman* counsels that we remand this matter to the District Court so that it can reconsider Carrigan's sentence.

Carrigan further urges us to reduce his sentence to 92 months, which he calculates would be his minimum sentence under the revised Guidelines. We decline that invitation. *Freeman* authorizes district courts to review motions under § 3582(c)(2) notwithstanding Rule 11 plea agreements, but it does not compel those courts or our Court to reduce sentences to their new Guidelines minimums. This is a matter more appropriately to be decided by the District Court. We therefore allow the District Court the opportunity to consider the issue in the first instance.

Accordingly, we vacate the order of the District Court and remand for consideration in light of the Supreme Court's opinion in *Freeman*.