**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1388
_____

UNITED STATES OF AMERICA

v.

NEAL MOSES,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-00-cr-00454-001)
District Judge:  Honorable Robert F. Kelly

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2012

Before:  JORDAN, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 22, 2012)
_____

OPINION
_____

PER CURIAM

        Neal Moses, a federal prisoner proceeding pro se, appeals a District Court order

that denied his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  We will affirm.[1]

_____

[1] We have jurisdiction under 28 U.S.C. § 1291.  Because the District Court's decision
was based on legal analysis and not the exercise of its discretion, we review it de novo.

At the time Moses was sentenced,[2] the penalties under 21 U.S.C. 841(b)(1) for the quantity of crack involved in his offense set a mandatory twenty-year minimum sentence for violators with "a prior conviction for a felony drug offense."  See 21 U.S.C. § 841(b)(1) (2001).  The District Court docket reflects that the matter of Moses's prior offense was submitted to the jury, which found it to satisfy the requirements of § 841(b)(1).  Accordingly, the twenty-year concurrent sentences Moses received reflected the minimum possible term to which he could be sentenced.

Several years after Moses was sentenced, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  Section 2 of the Act amended the relevant subsection of 21 U.S.C. § 841, see 21 U.S.C. § 841(b)(1)(A)(iii) (2012), and led to the promulgation of sentencing guidelines reflecting the new statutory scheme.  See United States v. Dixon, 648 F.3d 195, 197–98 (3d Cir. 2011).

Both below and on appeal, Moses argues that he should benefit from these revised guidelines (and specifically Amendment 750), which he alleges to have lowered the range applicable to his conduct.  But as he concedes on page six of his brief, we held in United States v. Reevey, 631 F.3d 110 (3d Cir. 2010), that the revised *statutory* terms of

---

See United States v. Sanchez, 562 F.3d 275, 277 (3d Cir. 2009), overruled on other grounds as stated in United States v. Carrigan, 446 F. App'x 392, 393 (3d Cir. 2011).  As the parties are our primary audience, we will forgo a lengthy factual recitation.

[2] See generally United States v. Moses, 58 F. App'x 549 (3d Cir. 2003) (direct appeal); United States v. Moses, Criminal Action No. 00-454, 2005 U.S. Dist. LEXIS 12867 (E.D. Pa. June 30, 2005), certificate of appealability denied, C.A. No. 05-3531 (order entered Mar. 14, 2006) (collateral attack).

incarceration were not to be retroactively applicable to persons, such as Moses, whose sentencing took place before the statute was enacted. Id. at 114–15. Moses urges us to overrule Reevey, which he claims to "overlook[] the intent of Congress." We decline to do so. First, in the Third Circuit, en banc consideration is required to overrule the precedent of a prior Panel. See 3d Cir. I.O.P. 9.1; In re Merck & Co. Sec. Litig., 432 F.3d 261, 274 (3d Cir. 2005). Second, and on a substantive basis, our opinion in Reevey was in harmony with the "decision[s] of every Court of Appeals to have addressed th[e] issue" at that time. Id. at 115 (collecting cases).

The District Court, applying the rule we announced in Reevey, correctly held that "the original mandatory minimum penalty of 240 months remain[ed] applicable" to Moses, forestalling modification of his sentence. United States v. Moses, Criminal Action No. 00-454, 2012 U.S. Dist. LEXIS 10029, at *9 (E.D. Pa. Jan. 27, 2012). As we are in full accord, we will affirm its order.