NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1176n.06

No. 12-5182

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 13, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| TAURUS HOLLINS, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Taurus Hollins, who is represented by counsel, appeals a district court order that reduced his sentence under 18 U.S.C. § 3582(c)(2).

Hollins pleaded guilty to one count of possessing with the intent to distribute crack cocaine. Because Hollins was responsible for 14.972 grams of crack cocaine, he had an advisory sentencing guidelines range of seventy-seven to ninety-six months of imprisonment. Hollins, however, was subject to a statutory minimum sentence of sixty months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2008). On June 2, 2008, the district court sentenced Hollins to seventy-seven months of imprisonment. We affirmed Hollins's conviction on appeal. *See United States v. Hollins*, No. 08-5740 (6th Cir. Feb. 18, 2011) (order).

In December 2011, following the enactment of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111–120, 124 Stat. 2372, and retroactive amendments to the crack cocaine sentencing guidelines, Hollins filed a section 3582(c)(2) motion to reduce his sentence. The district court denied the motion without prejudice and stated that it would review Hollins's eligibility for a

sentence reduction under section 3582(c)(2) in accordance with the procedure that it had established in General Order Number 2011-04. General Order Number 2011-04 sets forth the court's procedure for "review[ing] sentences of currently-incarcerated individuals that may be subject to reduction in accordance with 18 U.S.C. § 3582(c)(2) and the guidance provided in Section 1B1.10 of the sentencing guidelines."

The probation office subsequently filed a memorandum with the district court wherein it determined that the retroactive amendments to the crack-cocaine guidelines reduced Hollins's sentencing guidelines range to fifty-one to sixty-three months of imprisonment. However, because Hollins was still subject to a statutory minimum sentence of sixty months of imprisonment, his amended sentencing guidelines range effectively became sixty to sixty-three months of imprisonment. Hollins objected to the memorandum, arguing that the FSA applied retroactively and that he was no longer subject to a statutory minimum sentence because his offense involved less than twenty-eight grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010). The district court determined that it was without jurisdiction to reduce Hollins's sentence below the statutory minimum that was in effect at the time of Hollins's original sentencing, because section 3582(c)(2) authorizes courts to reduce sentences only in accordance with subsequently lowered sentencing guidelines ranges. Accordingly, the district court reduced Hollins's sentence to sixty months of imprisonment.

On appeal, Hollins argues that the district court erred by applying the statutory minimum because the FSA applies retroactively to defendants who were sentenced prior to the statute's enactment, and a sixty month sentence is grossly disproportionate to his crime, in violation of the Eighth Amendment.

The district court's order is reviewed de novo. *See United States v. Hameed*, 614 F.3d 259, 261–62 (6th Cir. 2010). A reduction in a defendant's sentence under section 3582(c)(2) is appropriate only where "a defendant . . . has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In determining the extent of a reduction under § 3582(c)(2), the district court "shall substitute only the [retroactive guideline] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). Section 3582(c)(2) has a "limited scope and purpose," *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010), "does not authorize a resentencing," and "permits a sentence reduction within the narrow bounds established by the [United States Sentencing] Commission." *Id*. at 2694.

Hollins's sentence was reduced in accordance with the procedures set forth in General Order Number 2011-04, which addresses guideline reductions under section 3582(c)(2). Hollins did not receive a new sentencing hearing, and the court's order granting the reduction shows that the reduction was granted pursuant to section 3582(c)(2). In reducing Hollins's sentence under section 3582(c)(2), the district court properly applied the amended crack-cocaine guidelines and left all other sentencing determinations, including the application of the sixty-month statutory minimum, intact. *See* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(b)(1); *Dillon*, 130 S. Ct. at 2692, 2694. The FSA does not apply to Hollins because he was sentenced prior to the statute's effective date. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). Finally, Hollins's argument that his mandatory-minimum sentence violates the Eighth Amendment is without merit. *See United States v. Graham*, 622 F.3d 445, 452–54 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2962 (2011).

The district court's judgment is affirmed.

MERRITT, Circuit Judge, concurring. I do not agree that the Fair Sentencing Act is not retroactive in its application to cases under the old crack guidelines, but our court has held to the contrary.