NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0065n.06

No. 12-1557

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jan 15, 2013*
DEBORAH S. HUNT, Clerk

|                                    |     |                                  |
|------------------------------------|-----|----------------------------------|
| UNITED STATES OF AMERICA,          | )   |                                  |
|                                    | )   |                                  |
|    Plaintiff-Appellee, | )   |                                  |
|                                    | )   | ON APPEAL FROM THE UNITED        |
| v.                                 | )   | STATES DISTRICT COURT FOR        |
|                                    | )   | THE WESTERN DISTRICT OF          |
| RODNEY THEODORE TILLMAN,           | )   | MICHIGAN                         |
|                                    | )   |                                  |
|    Defendant-Appellant. | )   |                                  |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Rodney Theodore Tillman, a pro se federal prisoner, appeals a district court order denying his motion for a sentence modification filed pursuant to 18 U.S.C. § 3582(c)(2).

Tillman pleaded guilty to possessing with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1); using and/or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to serve 288 months of imprisonment for his crack cocaine conviction, followed by 60 months for his firearms conviction, for a total of 288 months.  We affirmed Tillman's convictions on appeal. *United States v. Tillman*, 404 F. App'x 949, 950 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1541 (2011).

Tillman subsequently filed a motion to modify his sentence pursuant to section 3582(c)(2), following retroactive amendments to the sentencing guidelines related to the Fair Sentencing Act of

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372. The district court directed that the probation office prepare a report of eligibility regarding Tillman's section 3582(c)(2) motion. The probation office prepared the report and determined that Tillman was ineligible for a section 3582(c)(2) sentence modification. The district court subsequently denied Tillman's motion for a sentence modification. On appeal, Tillman challenges the district court's denial of his motion for a sentence modification based upon the district court's determination that his status as a career offender precluded the relief sought.

The denial of a section 3582(c)(2) sentence reduction motion is reviewed for an abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). However, when a district court "concludes that it lacks the authority to reduce a defendant's sentence under [section 3582(c)(2)], the district court's determination that the defendant is ineligible for a sentence reduction is a question of law that is reviewed *de novo*." *Id.*

"[A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission" may seek a sentence reduction. 18 U.S.C. § 3582(c)(2). A sentence reduction "is not authorized under" section 3582(c)(2) where an amendment to the sentencing guidelines "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

"The FSA, enacted on August 3, 2010, amended several statutes to increase the amount of crack-cocaine necessary to trigger mandatory minimum sentences." *United States v. Turner*, 456 F. App'x 545, 547 (6th Cir. 2012). Amendment 750 to the federal sentencing guidelines implemented the FSA and changed the drug quantity table found in USSG § 2D1.1(c) by reducing the base offense level for most cocaine base offenses. *See* USSG App. C, Amend. 750. Amendment 750, effective November 1, 2011, applies retroactively. *Turner*, 456 F. App'x at 547.

Tillman's sentence is not eligible for a sentence reduction under section 3582(c)(2). The FSA does not provide a basis for reducing Tillman's sentence because it does not apply retroactively

to defendants, like Tillman, who were sentenced before the statute was enacted. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). Tillman's criminal conduct occurred in 2007, he pleaded guilty in 2007, and he was sentenced in 2008, well before the FSA was enacted in 2010.

Although Amendment 750 is retroactive, it cannot benefit Tillman because his sentence was derived from his status as a career offender, rather than from the quantity of drugs for which he was held responsible. A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range. *See United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010). In fact, had Amendment 750 existed when Tillman was sentenced, he would have been subject to the same sentence in light of his career offender status. *See Williams*, 607 F.3d at 1125.

The fact that Tillman was sentenced below the applicable sentencing guidelines range as a result of the district court's grant of Tillman's request for a downward variance does not alter this result. *See United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010). Tillman's reference to *United States v. Jackson*, 678 F.3d 442, 444–45 (6th Cir. 2012), is inapplicable because nothing in the record suggests that the district court based Tillman's sentence on the crack cocaine guidelines range. The district court varied downward from the career offender guidelines range of 262 to 327 months to impose a sentence of 228 months. That sentence was based on Tillman's career offender range, not the range of 84 to 105 months that would have applied but for his career offender status. *See Pembrook*, 609 F.3d at 387. Tillman is simply not eligible for a sentence reduction under § 3582(c)(2).

Tillman argues that he could not have been sentenced as a career offender because the district court departed downward two criminal history categories. He points to USSG § 4A1.3(b)(3)(A), which limits downward departures for career offenders to one criminal history category. However, the sentencing transcript reveals that the district court did not actually reduce Tillman's criminal history category. Instead, when granting Tillman's request for a downward variance and fashioning the appropriate sentence for Tillman, the district court simply "treated" Tillman as having a IV criminal history category.

The district court's order is affirmed.