**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a0675n.06**

**No. 12-6474**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|                                   |   |                                           |
|-----------------------------------|---|-------------------------------------------|
| UNITED STATES OF AMERICA,         | ) | **FILED**                                 |
|                                   | ) | Jul 22, 2013                              |
| Plaintiff-Appellee,               | ) | DEBORAH S. HUNT, Clerk                    |
|                                   | ) |                                           |
| v.                                | ) | ON APPEAL FROM THE UNITED                 |
|                                   | ) | STATES DISTRICT COURT FOR THE             |
| ANTOINE BURKS,                    | ) | WESTERN DISTRICT OF KENTUCKY              |
|                                   | ) |                                           |
| Defendant-Appellant.              | ) |                                           |

Before: GIBBONS, SUTTON and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge. In 2005, a jury convicted Antoine Burks of two drug-trafficking crimes and one firearm crime. These offenses involved a total of 169 grams of crack, an amount that triggered two 120-month mandatory minimum sentences on the drug-trafficking convictions. But Burks faced another problem. He had a prior felony drug conviction under 21 U.S.C. § 851, doubling Burks's mandatory minimum sentences. The district court imposed the mandatory-minimum sentences of 240 months on the drug offenses and 60 months for the firearm possession conviction.

Five years later, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, which increased the amount of crack necessary to trigger the 120-month mandatory minimum from 50 grams to 280 grams. The district court directed the United States Probation

Office to make a recommendation about whether Burks's sentence was subject to modification under 18 U.S.C. § 3582(c)(2) in light of the changes made by the Fair Sentencing Act. The Office recommended that Burks's sentence should remain the same. The district court declined to make an adjustment. Because Burks's sentence was based on a statutory mandatory minimum as opposed to a guidelines range, the court explained, it had no authority to modify Burks's sentence under § 3582(c)(2).

Burks challenges this conclusion on appeal. The Fair Sentencing Act, as he sees it, should be applied retroactively to his sentence, lowering the mandatory minimum sentences for his drug crimes from 240 months to 120 months. In his view, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which applied the Fair Sentencing Act's new penalties to defendants sentenced *after* the Act's passage, requires courts to extend the Act's new penalties to defendants sentenced *before* the Act's passage under § 3582(c)(2). That does not follow. We have indeed rejected this argument before and, consistent with circuit precedent, must do so again. *United States v. Hammond*, 712 F.3d 333, 335–36 (6th Cir. 2013); *see also, e.g.*, *United States v. Mundy*, 486 F. App'x 598, 598–99 (6th Cir. 2012); *United States v. Stanley*, 500 F. App'x 407, 410 (6th Cir. 2012); *cf. United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

After the parties filed their appellate briefs, Burks raised another argument. He asked us to grant him relief based on *United States v. Blewett*, Nos. 12-5226, 12-5582, 2013 WL 2121945 (6th Cir. May 17, 2013). This argument suffers from two problems. One, after the briefs were filed *and* after the supplemental authority motion was filed invoking *Blewett*, the *en banc* Court vacated

*Blewett.* Order Granting Reh'g En Banc July 11, 2013. That leaves us with binding authority in the form of *Hammond* and *Carradine*. We must follow that authority today. Two, even if that were not the case, *Blewett* was premised on an argument not raised below—namely that the defendant's original sentence violated the Equal Protection Clause. Yet Burks did not make an equal protection argument in the court below or in his briefs to this Court, forfeiting the argument on appeal. *See Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008). On top of that, the argument fails to account for pre-existing (and extant) Sixth Circuit precedent, which rejected this precise argument. *See, e.g.*, *United States v. Williams*, 962 F.2d 1218, 1227–28 (6th Cir. 1992); *see also United States v. Reece*, 994 F.2d 277, 278–79 (6th Cir. 1993) (per curiam); *United States v. Muse*, 250 F. App'x 700, 701–02 (6th Cir. 2007).

For these reasons, we affirm.