NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0749n.06

Nos. 12-4128, 12-4488

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Aug 13, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| CARL DREWERY (12-4128) | ) | |
| ROY TARVER (12-4488), | ) | OPINION |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before:  ROGERS and DONALD, Circuit Judges; ANDERSON, District Judge.[*]

**S. THOMAS ANDERSON, District Judge.**  The United States appeals the district court's

orders granting separate motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) filed

by Carl Drewery and Roy Tarver.  The district court concluded that Drewery and Tarver were

eligible for a reduction in sentence based on the Fair Sentencing Act (FSA).  Because both

defendants were ineligible for a reduction in sentence, we REVERSE the orders of the district court.

I.

Drewery and Tarver were charged as co-defendants in a larger drug trafficking conspiracy

on December 20, 2006.  Each man ultimately entered into a plea agreement and pleaded guilty to a

---

[*]The Honorable S. Thomas Anderson, United States District Judge for the Western District
of Tennessee, sitting by designation.

single conspiracy count.[2]  Although the procedural history of each defendant's case is virtually

indistinguishable from the other, we consider each defendant's sentencing and motion for reduction

of sentence separately.

A.

Drewery was sentenced on September 5, 2007.  Under the terms of his plea agreement,

Drewery stipulated that his conspiracy offense involved at least 50 grams, but less than 150 grams,

of crack.  Drewery understood that based on the quantity of crack, his offense carried a mandatory

minimum of 10 years and a maximum of life incarceration, a $4,000,000.00 fine, and a mandatory

period of at least 5 years of supervised release.  Drewery further understood "that the United States

has filed a notice [pursuant to 21 U.S.C. §] 851(a)(1) . . . setting forth two prior felony drug

convictions for the defendant, and invoking the penalty enhancement provisions of [21 U.S.C. §]

841(b) . . . ."  Based on the § 841(b) penalty enhancement, Drewery understood that "the statutory

penalty for Count 1 is a mandatory minimum of Life incarceration, an $8,000,000.00 fine, or both,

and a mandatory period of at least 10 years of supervised release."  The parties stipulated in the plea

agreement as follows:

> The parties agree and stipulate that if the defendant is found to be a career offender,
> his base offense level would be 37 and his criminal history category would
> automatically be VI.  The defendant also understands that based on the enhanced

---

[2]As part of the plea agreement, the other charges of distribution against both men were dismissed.  Tarver was also charged with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Tarver entered his change of plea on both the conspiracy and the firearm charge on March 9, 2007.  Drewery entered his change of plea on the conspiracy count on March 30, 2007.

statutory penalty, even if the defendant is not a career offender, his adjusted base offense level must begin at the first level in his criminal history category that encompasses a life sentence pursuant to U.S.S.G. § 5G1.1(b).

The district court found that Drewery was a career offender and therefore calculated his base offense level as 37. Drewery received the benefit of a three-level reduction for acceptance of responsibility, lowering his offense level to 34. The government also made a motion under U.S.S.G. § 5K1.1 for a six-level departure based on Drewery's substantial assistance to the government, and the district court granted Drewery an additional three-level departure. Based on an offense level of 25 and a criminal history category of VI, Drewery's guideline range was 110 to 137 months' imprisonment. The district court sentenced Drewery to 110 months.

In 2008, Drewery filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that the district court should retroactively apply Guidelines Amendment 706. In denying Drewery's motion, the district court stated that "the defendant's sentence was based on a finding that the defendant was a career offender and was sentenced pursuant to the career offender guidelines." R. 1192, Page I.D. # 4822. We affirmed the district court's order on appeal. *United States v. Drewery*, 418 F. App'x 436 (6th Cir. 2011).

On May 29, 2012, Drewery filed a second motion for reduction, this time based on Guidelines Amendment 750. The United States opposed the motion because Drewery was sentenced as a career offender, and not under the drug quantities tables in U.S.S.G. § 2D1.1. The district court held a hearing and granted Drewery's motion, accepting Drewery's position that "based on the Fair Sentencing Amendment, that his total offense level has been reduced to 22 and with a criminal

3

history category VI, his sentencing guideline range has been lowered to 84 to 105 months . . . ." R. 1491, Page I.D. # 5205. The district court's memorandum opinion did not directly address the government's argument that Drewery was ineligible for a sentence reduction because of his career offender status. The government's timely appeal of the district court's order followed.

B.

The district court conducted Tarver's sentencing proceedings on July 15, 2008. Under the terms of his plea agreement, Tarver stipulated that his conspiracy offense involved at least 50 grams, but less than 150 grams, of crack. Tarver understood that based on the quantity of crack, the statutory penalty for Count 1 was a mandatory minimum of 10 years to a maximum of life imprisonment, a $4,000,000.00 fine, and at least five years supervised release. Guilty Plea,¶ 3, Page I.D. # 1093. Tarver further understood in his plea agreement "that the United States has filed a notice, in accordance with the provisions of 21 U.S.C. § 851(a)(1), setting forth two prior felony drug convictions for the defendant, and invoking the penalty enhancement provisions of 21 U.S.C. § 841(b)" and that "consequently the statutory penalty for Count 1 is a mandatory minimum of Life incarceration, an $8,000,000.00 fine, or both, and a mandatory period of at least 10 years of supervised release." *Id.* ¶ 4, Page I.D. # 1094. As part of the plea agreement, the parties stipulated as follows:

> [T]he parties realize that the defendant <u>may</u> be classified as a career offender based upon his criminal history. The parties agree and stipulate that if the defendant is found to be a career offender, his base offense level would be 37 and his criminal history category would automatically be VI. The defendant also understands that based on the enhanced statutory penalty, even if the defendant is not a career

4

offender, his adjusted base offense level must begin at the first level in his criminal history category that encompasses a life sentence pursuant to U.S.S.G. § 5G1.1(b).

*Id.* ¶ 10, Page I.D. # 1096.

The district court concluded that Tarver was a career offender and therefore calculated his base offense level as 37. Like Drewery, Tarver received the benefit of a three-level reduction for acceptance of responsibility as well as the government's motion under U.S.S.G. § 5K1.1 for a four-level departure. Tarver's guideline range with an offense level of 30 and a criminal history category of VI was 168 to 210 months' imprisonment. The district court sentenced Tarver to 168 months. Tarver's sentence was subsequently affirmed on appeal.

On October 24, 2012, Tarver filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) based on Guidelines Amendment 750. Just as in Drewery's case, the United States opposed the motion because Tarver was sentenced as a career offender, and not under the drug quantities tables in U.S.S.G. § 2D1.1. In a memorandum opinion, the district court granted Tarver's motion, agreeing with Tarver's argument that "due to the Fair Sentencing Amendment and the decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011) that the defendant is now entitled to a reduction of his guideline sentencing range for the crack cocaine conviction to 130 to 162 months . . . ." R. 1514, Page I.D. # 5337. The district court's memorandum opinion did not directly address the government's argument that Tarver was ineligible for a sentence reduction because of his career offender status. The government's timely appeal of the district court's order followed.

II.

The standard of review in this case is directly tied to our inquiry under 18 U.S.C. § 3582(c)(2). The statute provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

"Section 3582(c)(2) has a limited scope and purpose, does not authorize a resentencing, and permits a sentence reduction within the narrow bounds established by the United States Sentencing Commission." *United States v. Hollins*, 505 F. App'x 437, 438 (6th Cir. 2012), *cert. denied,* 133 S. Ct. 1615 (U.S. 2013) (quoting *Dillon v. United States*, 130 S. Ct. 2683, 2692, 2694 (2010) (internal citation, quotation marks, and brackets omitted)).

This Court has construed § 3582(c)(2) to require a two-step inquiry: (1) "the district court must determine whether the defendant is eligible for a sentence modification under the Sentencing Commission's policy statements and the extent of the reduction authorized" and (2) "if the defendant is eligible for a reduction in sentence, the district court must consider the 18 U.S.C. § 3553(a) factors and determine, in its discretion, whether the authorized reduction is warranted under the circumstances." *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011) (citation omitted). Each prong of this inquiry is reviewed under a different standard. This Court will review the district

6

court's determination about a defendant's eligibility for reduction de novo and its decision about whether a reduction is warranted under the circumstances for an abuse of discretion. *Id.*

The parties here agree that the Court should review the district court's determination about the defendants' eligibility for a sentence reduction and its interpretation of the sentencing guidelines de novo. *See United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *United States v. Turnley*, 627 F.3d 1032, 1035 (6th Cir. 2010).

## A.

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). A district court must determine as a threshold matter whether a defendant is eligible for a reduction under § 3582(c)(2). A defendant is eligible for a sentence reduction if (1) the defendant's sentence was "based on a sentencing range that was subsequently lowered" and (2) such "a reduction would be consistent with applicable [policy] statements issued by the Sentencing Commission." *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012).

Drewery and Tarver were not eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2) because each of their respective sentences was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This case presents the same issue presented in a series of cases recently decided by this Court, that is, whether Amendment 750 makes defendants sentenced as career offenders eligible for a reduction of sentence under § 3582(c)(2). We have consistently held that it does not. Specifically, we have concluded that a defendant sentenced

7

as a career offender under U.S.S.G. § 4B1.1 is ineligible for a reduction because his sentence was not "based on" the crack cocaine guidelines in § 2D1.1. *United States v. Thompson*, 714 F.3d 946, 949–50 (6th Cir. 2013) (holding that a defendant sentenced as a career offender was not eligible for a reduction because his sentence was not "based on" the crack cocaine guidelines); *United States v. Fuller*, No. 12-5977, 2013 WL 3014117, at *4 (6th Cir. June 18, 2013) (same); *United States v. Wherry*, No. 12-3042, 2013 WL 1607444 (6th Cir. Apr. 16, 2013), *cert. denied*, No. 12-10315, 2013 WL 2149149 (U.S. June 17, 2013) (same); *United States v. Tillman*, 511 F. App'x 519, 521(6th Cir. 2013) (same); *United States v. Scott*, No. 12-5426, 2013 WL 1760188, at *2 (6th Cir. Apr. 25, 2013) (holding that the defendant was not eligible for a sentence reduction as a result of Amendment 706 or 750); *see also United States v. Coats*, No. 12-4525, 2013 WL 3821196, at *3 (6th Cir. July 25, 2013) (holding that Amendment 750 did not alter the defendant's guidelines range because the defendant was sentenced to a statutory minimum, and not under the guidelines for crack cocaine offenses in § 2B1.1). Based on this line of cases, Drewery and Tarver were not eligible for a reduction under § 3582(c)(2).

None of the arguments raised by Drewery and Tarver (and on which the district court relied) alters our analysis. The essence of the defendants' theory in this appeal is that each defendant's original sentence was "based on" the crack cocaine guidelines in § 2B1.1, even though both defendants were actually sentenced as career offenders under § 4B1.1. Drewery and Tarver rely heavily on the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011). According to the defendants, the Supreme Court "re-defined" the phrase "based on" for purposes of

§ 3582(c)(2) to mean any sentencing guideline that was a "relevant part of the analytic framework the judge used to determine the sentence." Drewery's Br. 21–22 (citing *Freeman*, 131 S. Ct. at 2692–93). In this case Drewery and Tarver contend that the crack cocaine guidelines in § 2D1.1 were a "relevant part of the analytic framework" simply because the district court reviewed the guidelines range under § 2D1.1 at sentencing. According to Drewery and Tarver then, "[t]he instant case requires this Court to revisit the definition of the phrase 'based on' in § 3582(c)(2) proceedings in light of the Supreme Court holding in *Freeman*." Drewery's Br. 23.

This argument is unconvincing. First, Drewery and Tarver have misstated the Supreme Court's narrow holding in *Freeman*. "A plurality of the Court held that a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible to seek a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a reduction in the Sentencing Guidelines range." *Smith*, 658 F.3d at 611 (citing *Freeman*, 131 S. Ct. at 2695). However, only a plurality of the Court actually stated that a sentence was "based on" a guideline which was subsequently lowered if the guideline was a "relevant part of the analytic framework the judge used to determine the sentence." *Freeman*, 131 S. Ct. at 2692–93 (Kennedy, J., plurality opinion). In her concurrence, Justice Sotomayor concluded that "if a [Rule 11(c)(1)(C) ] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman,* 131 S. Ct. at 2695 (Sotomayor, J., concurring). As this Court has held in a previous reported decision,

"Justice Sotomayor's opinion is the narrowest ground for the Court's decision and thus represents the Court's holding in *Freeman*." *Smith*, 658 F.3d at 611 (citing *United States v. Taylor*, 427 F. App'x 468, 468–69 (6th Cir. 2011)). We are bound by published precedent to reject the defendants' reading of the plurality opinion in *Freeman* as the holding of the Supreme Court.

What is more, this Court in *United States v. Thompson* considered and rejected the same reading of *Freeman* that Drewery and Tarver propose here. Like Drewery and Tarver, the defendant in *Thompson* pleaded guilty to offenses involving crack cocaine and was sentenced under the old guidelines as a career offender under § 4B1.1. *Thompson*, 714 F.3d at 947. Like Drewery and Tarver, the defendant in *Thompson* sought a reduction in sentence under § 3582(c)(2) in light of Amendment 750, arguing that he was sentenced under a guideline that was subsequently lowered by the Commission. *Id.* at 948. And like Drewery and Tarver, the defendant in *Thompson* argued that *Freeman* supported his theory that he was eligible for a reduction because his original sentence was "based on" the guidelines for crack cocaine offenses in § 2B1.1. After pointing out that Justice Sotomayor's concurrence represented the narrow holding of the Court in *Freeman*, the *Thompson* panel concluded that "*Freeman* is of little relevance," explaining that "[c]ertainly, the district court based Thompson's sentence on some part of the guidelines; the issue (which *Freeman* does not address) is whether such sentence was based *on the crack cocaine guidelines* and whether Amendment 750 would have the effect of lowering his applicable guideline range." *Id.* at 949 (emphasis in original); *see also Fuller*, 2013 WL 3014117, at *4 ("A sentence is based on a guideline only if it is imposed pursuant to that guideline. It is not enough that the guideline arguably played,

as in this case, only some incidental role in the judge's final decision. Fuller's argument would have

far reaching implications, and this Court will not extend 18 U.S.C. § 3582(c) to such a broad class

of defendants. Such an extension would essentially afford *any* defendant with a crack cocaine offense

re-sentencing, regardless of the actual basis for the original sentence.") (emphasis in original).

Therefore, Drewery and Tarver's reliance on *Freeman* is unavailing.[3]

Likewise, the *Thompson* panel considered and rejected the same argument Drewery and

Tarver raise about this Court's decision in *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012).

Like Drewery and Tarver, the defendants in *Jackson* and *Thompson* were found guilty of crack

cocaine offenses and qualified as career offenders. *Thompson*, 714 F.3d at 949. Even so, the

*Thompson* court concluded that *Jackson* was factually distinguishable because, "at sentencing, the

district court granted Jackson a downward variance specifically because of the 'untenable disparity

in the crack versus powder cocaine sentences.'" *Id.* (quoting *Jackson*, 678 F.3d at 444) (internal

---

[3]For the same reasons, the defendants' argument that the Court should treat some of its decisions applying § 3582(c)(2) as "pre-*Freeman*" law is unconvincing. *Freeman* actually reversed the previous rule in this and other Circuits that "defendants sentenced following 11(c)(1)(C) agreements that specify a particular sentence are ineligible for § 3582(c)(2) relief, barring a miscarriage of justice or mutual mistake." *Freeman*, 131 S. Ct. at 2692 (reversing *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004)). However, Drewery and Tarver have cited no cases, reported or unreported, from this Court, holding that the narrow ruling in *Freeman* represented a broader departure from this Court's prior jurisprudence on § 3582(c)(2). Accordingly, our pre-*Freeman* case law holding that defendants sentenced as career offenders were not eligible for a sentence reduction under other crack cocaine-related amendments to the sentencing guidelines, particularly Amendment 706, remains good law. Furthermore, these cases provide additional support for the Court's holding that Amendment 750 does not qualify career offenders like Drewery and Tarver for relief under § 3582(c)(2). *See, e.g., United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008) (holding that Amendment 706 did not make a defendant sentenced as a career offender eligible for relief under § 3582(c)(2)).

quotation marks omitted).  Not only did the district court in *Jackson* express its disagreement with the crack cocaine guidelines, the district court in *Jackson* did not even sentence the defendant as a career offender.  *Jackson*, 678 F.3d at 443 ("The district court did not apply the 'career offender' guideline sentence and sentenced Jackson to 150 months," a sentence which "was below the advisory guideline range for a career offender and within the old advisory guideline range for crack cocaine violations that would have otherwise applied to Jackson if he were not a career offender."). *Jackson* is simply distinguishable on its facts.  *Thompson*, 714 F.3d at 949–50 (citing *Tillman*, 511 F. App'x at 521).

Likewise, Drewery and Tarver's remaining arguments are without merit.  Drewery and Tarver have cited for support decisions from the Second and Third Circuits.  However, we decline to follow this authority because the cases are either easily distinguishable or stand in opposition to prior reported decisions from this Court.  In *United States v. Carrigan*, 446 F. App'x 392 (3d Cir. 2011), the issue presented was whether a career offender whose sentence was based on a plea agreement under Rule 11 was eligible for a sentence reduction pursuant to § 3582(c)(2), i.e. the precise issue addressed in *Freeman*.  The Supreme Court in *Freeman* had overruled Third Circuit precedent holding "that defendants whose sentences were based on plea agreements under Rule 11 were not eligible for sentencing reductions under § 3582(c)(2)." *Carrigan*, 446 F. App'x at 393.  In fact, the Supreme Court vacated the Third Circuit's original judgment in *Carrigan*, and the Third Circuit in turn remanded to the district court to reconsider Carrigan's sentence in light of *Freeman*.  *Carrigan* is not persuasive.

Drewery and Tarver have also cited for support *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011). There the Second Circuit held that a career offender's original sentence was not based on the career offender guidelines range where the district court had departed downward from the career offender guidelines range. 662 F.3d at 174. *Rivera* specifically disagreed with our decision in *United States v. Pembrook*, 609 F.3d 381 (6th Cir. 2010), where this Court joined the Eighth and Tenth Circuits in holding that "the term 'applicable guideline range' in U.S.S.G. § 1B1.10 refers to a defendant's pre-departure guideline range." 609 F.3d at 384. *Pembrook* remains the law in this Circuit. *See United States v. Scott*, No. 12-5426, 2013 WL 1760188, at *2 (6th Cir. Apr. 25, 2013) (holding that the rule announced in *Pembrook* was not altered by *Jackson* or *Freeman*). Therefore, we decline to follow *Rivera* because it contradicts a prior reported decision of this Court.

Having failed to demonstrate that their original sentences were "based on a sentencing range that has subsequently been lowered," Drewery and Tarver were ineligible for a reduction in sentence under § 3582(c)(2). We need not reach the question of whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *McClain*, 691 F.3d at 777. Therefore, we reverse the judgment of the district court on this basis alone.

B.

The parties also dispute whether the FSA should even apply in a sentence reduction proceeding under § 3285(c)(2) where the original sentence was imposed prior to the enactment of the FSA. Drewery and Tarver have cited as supplemental authority the recent decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), where the panel held that the FSA's statutory

minimums should apply retroactively. *Blewett*, 719 F.3d at 490 ("The Fair Sentencing Act and the new retroactive Sentencing Guidelines subsequently adopted by the Sentencing Commission can and should be interpreted to replace retroactively the old, discriminatory mandatory minimums with the new, more lenient minimums.").

Drewery and Tarver's reliance on *Blewett* is misplaced. Unlike the defendants in *Blewett*, Drewery and Tarver were not sentenced to mandatory minimum terms of imprisonment. *Id.* at 491 ("The government argues that the Fair Sentencing Act did not give retroactive effect to the old mandatory minimums like those imposed on the Blewetts . . . ."). As Drewery and Tarver concede, neither was "sentenced pursuant to a mandatory minimum under the [sic] 21 U.S.C. §§ 841, 851, but based on the career offender guideline range." Drewery's Br. 47; Tarver's Br. 45. Furthermore, the holding in *Blewett* was based on the Equal Protection Clause, an issue Drewery and Tarver did not raise below and have not raised in their briefs on appeal. *United States v. Burks*, No. 12-6474, 2013 WL 3801973, at *1 (6th Cir. July 22, 2013). Perhaps most importantly, subsequent to Drewery and Tarver filing their briefs and supplemental authority, the Court granted a motion for rehearing en banc and vacated *Blewett*. Order Granting Reh'g En Banc July 11, 2013; *Burks*, 2013 WL 3801973, at *1 (declining to apply *Blewett* following the grant of the en banc petition). For these reasons alone, we are not persuaded that the FSA should apply retroactively to these defendants.

Even assuming the FSA could apply in a sentence reduction proceeding under § 3582(c)(2) to defendants like Drewery and Tarver sentenced prior to August 3, 2010, Drewery and Tarver "would have been subject to the same sentencing range even if [the FSA and Amendment 750 had]

existed at the time of [their] original sentence." *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010). The Supreme Court has stated that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *Dillon*, 130 S. Ct. at 2690. The district court only has authority to reduce an "otherwise final sentence." *Id.* The *Dillon* Court described the district court's analysis as follows:

> Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

*Id.* at 2691.

It is undisputed here that the district court in the original sentencing proceeding sentenced Drewery and Tarver as career offenders under U.S.S.G. § 4B1.1. That section defines a career offender as a defendant who (1) "was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). For purposes of calculating the guidelines sentencing range, § 4B1.1 correlates a defendant's offense level with the "offense statutory maximum" penalty for the offense of conviction. § 4B1.1(b) & Application Notes (defining "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense").

For example, where as here the statutory maximum penalty for the offense is life, the career offender guideline establishes the defendant's offense level at 37. *Id.*

Both Drewery and Tarver concede that they were originally sentenced as career offenders under § 4B1.1. They simply argue that the FSA altered the statutory maximum for the quantities of crack cocaine at issue in their respective cases. At the time of the original sentencing proceedings, the former 21 U.S.C. § 841(b) prescribed a maximum statutory penalty of life imprisonment for the quantity of crack cocaine to which each defendant had stipulated to possessing as part of his plea agreement. Based strictly on the drug quantities then, each defendant's offense level under the career offender guideline at § 4B1.1(b) was 37. The FSA amended § 841(b) to lower the statutory maximum penalty for the same quantities of crack cocaine to 40 years' imprisonment. Due to the lowered statutory maximum, § 4B1.1(b) would now provide an offense level of 34 for any career offender guilty of an offense with a statutory maximum of 25 years or more. The defendants argue that they are eligible for a reduction because the applicable guidelines range for their respective crack offenses is now lower under the FSA. The district court apparently adopted this same analysis and substituted the lower offense level derived from the FSA's amendments to § 841(b) itself.

However, the district court failed to account for the statutory enhancement each defendant faced due to his prior drug felonies. Under § 841(b)(1)(B), "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and *not more than life* imprisonment . . . ." 21 U.S.C. § 841(b)(1)(B) (emphasis added). While it is true that at the time

of their original sentencing, 21 U.S.C. § 841(b) imposed a maximum of life for the quantities of crack cocaine each defendant possessed, each defendant was also subject to § 841(b)'s statutory enhancement for his prior felony drug offense. The plea agreements for both defendants confirmed as much. Their plea agreements stated that Drewery and Tarver were subject to § 841(b)(1)(B)'s sentence enhancement and faced the statutory maximum term of life imprisonment. Drewery stipulated in his plea agreement that "based on the enhanced statutory penalty, even if the defendant is not a career offender, his adjusted base offense level must begin at the first level in his criminal history category that encompasses a life sentence pursuant to U.S.S.G. § 5G1.1(b)." Tarver's plea agreement and stipulations about his sentencing exposure were virtually identical to Drewery's.

Furthermore, nothing in the FSA altered the sentencing enhancement under § 841(b)(1)(B) for defendants like Drewery and Tarver whose offense of conviction involved more than 28 grams of crack cocaine. *See United States v. Berry*, 701 F.3d 374, 377 n.3 (11th Cir. 2012) ("After the FSA, a § 841(a) defendant with one or more prior convictions for a felony drug offense is subject to a mandatory minimum ten-year sentence and a maximum of life imprisonment if his offense involved 28 grams or more of crack cocaine. See 21 U.S.C. § 841(b)(1)(B)(iii). If Berry were resentenced under the FSA, his statutory maximum sentence would remain life and, thus, his offense level under U.S.S.G. § 4B1.1(b) would remain 37."). In other words, under § 841(b)(1)(B), both Drewery and Tarver continue to face a statutory maximum of life, regardless of the retroactive application of the FSA.

17

Just as the FSA did not affect the maximum term of life imprisonment for each defendant, the FSA did not alter the "offense statutory maximum" for purposes of § 4B1.1(b). The career offender guideline at § 4B1.1(b) specifically recognizes that the statutory enhancement under § 841(b)(1)(B) applies to increase the "offense statutory maximum." The Applications Note (2) to § 4B1.1(b) states that for purposes of the career offender guideline, the "offense statutory maximum"

> refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (B), (C), and (D)).

Application Note 2, U.S.S.G. § 4B1.1.

The Application Notes to § 4B1.1 are consistent with 28 U.S.C. § 994(h), which provides as follows:

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years or older and has been convicted of a felony that is . . . an offense described in 21 U.S.C. 841 . . .; and has previously been convicted of two or more prior felonies, each of which is a crime of violence; or an offense described in 21 U.S.C. 841 . . . ."

28 U.S.C. § 994(h). Moreover, we have held that § 994(h) "dictates that 'maximum term authorized' refers to the *enhanced* statutory maximum." *United States v. Lockett*, 359 F. App'x 598, 609–10 (6th Cir. 2009) (quoting *United States v. Branham*, 97 F.3d 835, 846 (6th Cir. 1996)) (emphasis in original).

In light of the statutory enhancement under § 841(b)(1)(B), the "maximum term of imprisonment" for Drewery and Tarver remains life even after the FSA's amendments to § 841. At

18

the time of the original sentencing, "the maximum term of imprisonment authorized for the offense of conviction" was life for each defendant, based on both the quantity of crack each defendant possessed as well as the sentencing enhancement for each defendant's prior felony drug offense. Now, even though the FSA has reduced § 841(b)'s maximum penalty based on the quantity of crack cocaine to 40 years, "the *maximum* term of imprisonment authorized for the offense of conviction" continues to be life because of § 841(b)(1)(B)'s sentencing enhancement. In sum, even if the FSA had been in effect at the time of the original sentencing, "the maximum term of imprisonment authorized for the offense of conviction" would still be life because of the sentencing enhancement. Therefore, both Drewery and Tarver would continue to have an offense level of 37 under the career offender guideline at § 4B1.1, even if the FSA applied retroactively to their sentence reduction proceedings. The district court's orders granting the defendants' motions for a reduction in sentence misapplied the guidelines and must be reversed.

III.

Because Drewery and Tarver were sentenced as career offenders, both were ineligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Even if the FSA applied retroactively to defendants like Drewery and Tarver who were sentenced prior to the enactment of the FSA, Drewery and Tarver's guidelines sentence would remain the same due to the sentencing enhancement at 21 U.S.C. § 841(b)(1)(B). Therefore, we REVERSE the district court's orders reducing the defendants' respective sentences.