SILER, Circuit Judge.
Defendant Solathus Johnson appeals the denial of his motion for a reduction of his 87-month sentence pursuant to 18 U.S.C. § 3582(c)(2). He was sentenced in 2009 for distribution of crack cocaine. In 2012, he filed a motion for a sentence reduction under § 3582(c)(2), arguing that the district court should retroactively apply amended sentencing guidelines for crack cocaine offenses to his previously imposed sentence. The district court denied his motion, reasoning that Johnson’s status as a career offender barred him from a sentence reduction under § 3582(c)(2). For the reasons that follow, we AFFIRM.
I.
The facts are undisputed. In June 2008, pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(B), Johnson pleaded guilty to distributing 115.7 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). His plea agreement specifically stated that he was a career offender under the Sentencing Guidelines and that a ten-year mandatory minimum term of imprisonment applied to his conviction. The agreement also stated that, with a total offense level of 34, reduced from 37 due to acceptance of responsibility, and a criminal history category of VI, Johnson’s anticipated sentencing guidelines range was 262 to 327 months.
The presentence investigation report (“PSR”) calculated Johnson’s sentencing guideline range as follows: first, based on the drug quantity attributable to him of at least 115.7 grams of cocaine base, Johnson’s base offense level was 30 under U.S.S.G. § 2D1.1 for violating 21 U.S.C. § 841(a)(1). Second, this base offense level was adjusted upward to 37 under U.S.S.G. § 4Bl.l(b)(A) for his status as a career offender and adjusted downward by three levels under U.S.S.G. § 3El.l(b) for his acceptance of responsibility. Johnson fell within criminal history category III, but this increased to category VI based on his career offender status. The PSR recommended a total offense level of 34, a criminal history category of VI, and a sentencing range of 262 to 327 months — which we refer to as the “career offender range.” The PSR also noted that Johnson was subject to a ten-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A).
The district court granted the government’s motion for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which allowed the court to sentence Johnson below the ten-year statutory mandatory minimum and below the bottom of the career offender range. In its final colloquy explaining and imposing Johnson’s sentence, the district court began by stating, “[Y]ou start with an advisory guideline range based on total offense level of 34 and Criminal History Category VI, with advisory guideline range of 262 to 327 months.” The district court recognized that this guideline range is the result of Johnson’s “career offender designation.”
Then, the district court acknowledged the following factors that influenced its decision to impose a sentence significantly *562 lower than the recommended guideline range: 1) “the career offender designation [that] overstates [ ] Johnson’s actual criminal history and propensity for future crimes”; 2) the “crack versus powder cocaine issue”; 3) “the issue of unwarranted sentencing disparities among co-defendants”; 4) his “substantial assistance to the government”; 5) the harsh, “extraordinary conditions of [Johnson’s] confinement”; and 6) Johnson’s position as “not at the top of the drug organization.” Johnson had requested a downward departure from 262 months to 24 months, which the district court considered “uncalled for” and “just way too much for someone who is a designated career offender.” It also stated that “a typical downward departure for substantial assistance ... would not be appropriate.”
Thus finding that Johnson’s sentence should rest somewhere between a typical substantial assistance reduction and Johnson’s 24-month suggestion, the district court calculated the guideline range to be 87 to 108 months, the range that would have been imposed in accordance with the attributable drug quantity had Johnson not been designated as a career offender— which we refer to as the “drug quantity range.” It found this range “appropriate,” determined that the sentence should be “at the bottom of that range because of the harsh conditions of confinement,” and sentenced Johnson to 87 months’ imprisonment.
Congress subsequently enacted the Fair Sentencing Act (“FSA”) in 2010, which “increased the drug amounts triggering mandatory minimums for crack trafficking offenses ... [and] had the effect of lowering the 100-to-l crack-to-powder ratio to 18-to-l.” Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2329, 183 L.Ed.2d 250 (2012). The Sentencing Commission amended the Guidelines Manual in response. Pub.L. No. 111-220, 124 Stat. 2372 (2010). Amendment 750 implemented the FSA by changing the drug quantity table found in U.S.S.G. § 2Dl.l(c) to reduce the base offense level for most crack cocaine offenses. U.S.S.G. App. C, Amend. 750. Amendment 759 made those changes retroactive. U.S.S.G. App. C, Amend. 759. Both amendments became effective on November 1, 2011. U.S.S.G. App. C, Amends. 750, 759.
In 2012, Johnson filed a motion with the district court for a sentence reduction under § 3582(c)(2), based on the retroactively-amended crack cocaine guidelines. He argued that the district court sentenced him based on the drug quantity range, and the base offense level for 115.7 grams of crack cocaine was now 28, as opposed to 30. Assuming all other aspects of his sentencing would have been the same, he contends the district court would have sentenced him to 70 months’ incarceration, the bottom of the new sentencing range of 70 to 87 months based on an offense level of 25 and a criminal history category of III. The district court determined that Johnson was ineligible for a sentence reduction under § 3582(c)(2) and denied his motion. It reasoned that United States v. Pembrook, 609 F.3d 381 (6th Cir.2010), and the text of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 barred a sentence reduction for Johnson, because his applicable guideline range was the career offender range, not the drug quantity range, and the FSA and new guidelines did not alter the career offender range.
II.
On appeal, Johnson argues that the district court improperly refused to grant him a sentence reduction under § 3582(c)(2). “We ordinarily review a district court’s denial of a § 3582 motion for abuse of discretion,” United States v. McClain, *563 691 F.3d 774, 776 (6th Cir.2012). However, “ ‘[w]here, as here, the district court does not simply decline to use its authority under § 3582’ but concludes ‘that a defendant is ineligible for a sentence reduction,’ the district court’s conclusion is a question of law that is reviewed de novo.” Id. at 776-77 (quoting United States v. Johnson, 569 F.3d 619, 623 (6th Cir.2009)).
III.
A.
Ordinarily, a district court may not modify a term of imprisonment unless so authorized by statute. United States v. Howard, 644 F.3d 455, 457 (6th Cir.2011). Relevant to this case, Congress provided authorization to modify a sentence under specific circumstances in § 3582(c)(2), which reads,
[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
“The applicable policy statement, U.S.S.G. § 1B1.10, provides that ‘[a] reduction in the defendant’s term of imprisonment is not consistent with this policy statement [if] ... [a]n amendment [to the Guidelines] does not have the effect of lowering the defendant’s applicable guideline ranged” Pembrook, 609 F.3d at 383 (quoting U.S.S.G. § 1B1.10(a)(2)(B)). In other words, a “defendant is not eligible for a reduction of sentence under § 3582(c)(2) unless (1) his sentence was ‘based on a sentencing range that has subsequently been lowered by the Sentencing Commission,’ § 3582(c)(2), and (2) the amendment on which he relies ‘ha[s] the effect of lowering the defendant’s applicable guideline range,’ U.S.S.G. § lB1.10(a)(2)(B);” United States v. Hameed, 614 F.3d 259, 260 (6th Cir.2010). We assume without so holding that the district court sentenced Johnson “based on” a sentencing range that the Sentencing Commission subsequently lowered in Amendments 750 and 759, but Johnson fails to establish the second element of the § 3582(c)(2) test.
The definition of “applicable guideline range” has not received consistent treatment throughout the circuits, but within this circuit, the definition is clear. We held “that the term ‘applicable guideline range’ in U.S.S.G. § 1B1.10 refers to a defendant’s pre-departure guideline range.” Pembrook, 609 F.3d at 384. In Pembrook, the district court granted the defendant a downward departure from the career offender range to a sentence more analogous with the range defined for his crack cocaine offenses, because, inter alia, the defendant’s criminal history category significantly overrepresented the seriousness of his past conduct. Id. at 382-83. Later, the district court denied the defendant’s motion for a sentence modification under § 3582(c)(2), finding that his applicable guideline range — the career offender range — had not been subsequently lowered. Id. at 383. On appeal, the defendant argued that his applicable guideline range was the drug quantity range, but we affirmed the district court’s conclusion. Id. at 384, 387. Rejecting the post-departure definition of “applicable guideline range” adopted in the Second and Fourth Circuits, we agreed with the Eighth and Tenth Circuits that “a defendant’s applicable guideline range is the range produced under the guidelines’ sentencing table after a correct determination of the *564 defendant’s total offense level and criminal history category but prior to any discretionary departures.” Id. (internal quotation marks and citation omitted). We reasoned that the language of § 1B1.10 mandated such a result. Id. at 384-85.
In order to address the “conflicting interpretations” by the circuits “about when, if at all, the court applies a departure provision before determining the ‘applicable guideline range’ for purposes of § 1B1.10,” the Sentencing Commission weighed in on the debate as well. U.S.S.G. App. C, at *421 (2011). In the Application Notes to U.S.S.G. § 1B1.10, which Amendment 759 amended in order to provide a definition for “applicable guideline range,” the Sentencing Commission provided,
Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (ie. the guideline range that corresponds to the offense level and criminal history category determined pursuant to § IB 1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).
U.S.S.G. § 1B1.10 cmt. n. 1 (A) (emphasis added). The Sentencing Commission expressly adopted the pre-departure approach of our circuit. See U.S.S.G. App. C, Amend. 759, at *421 (“[T]he amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined ... before consideration of any departure provision in the Guidelines Manual or any variance.”).
In the years that followed, we reiterated our position on the definition of applicable guideline range. See United States v. Joiner, 727 F.3d 601, 604 (6th Cir.2013). In Joiner, we determined that the applicable guideline range for the defendant was 240 months, which represents the statutory mandatory minimum applied to the defendant as a result of his status as a prior felony drug offender. Id. at 602-05. This was his pre-departure guideline range, despite the district court’s citation to another guideline range when actually performing the sentencing calculation and the more obvious relation between the imposed sentence of 107 months to the 120-to-150 month guideline range that would have applied absent the statutory mandatory minimum. Id. at 602-03.
When calculating Johnson’s sentence, the district court here began its analysis acknowledging that Johnson was a career offender and that his sentencing guideline range was the career offender range. Using this range as its point of departure, it discussed the reasons why it would impose a significantly reduced sentence, and posited some rationale for arriving at 87 months, the low end of the drug quantity range and a term that the district court determined more appropriately accounted for Johnson’s particular criminal history and the nature of the present offense. Beginning with the premise that Johnson, as a career offender, was subject to the career offender range, under Pembrook and the language of § 1B1.10, it is clear that Johnson’s applicable guideline range — that is, the pre-departure guideline range — was the career offender range.
“A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.” United States v. Tillman, 511 Fed.Appx. 519, 521 (6th Cir.2013); see U.S.S.G. § 4B1.1(b); see also United States v. Riley, 726 F.3d 756, 759 (6th Cir.2013). Because changes to the Sen- *565 teneing Guidelines did not affect Johnson’s career offender range, he is not entitled to a sentence reduction under § 3582(c)(2), see Pembrook, 609 F.3d at 384, and the district court correctly denied him relief pursuant to that statute. See United States v. Drewery, 531 Fed.Appx. 675, 679-82 (6th Cir.2013); United States v. Scott, 523 Fed.Appx. 370, 370-72 (6th Cir. 2013); Tillman, 511 Fed.Appx. at 521.
B.
Johnson challenges this decision by citing to United States v. Jackson, 678 F.3d 442 (6th Cir.2012). In that case, which was on direct appeal, the defendant sought remand for resentencing in light of the changes to the Sentencing Guidelines enacted during the pendency of his appeal. Id. at 444. While the PSR recommended a sentencing range of 188 to 235 months due to the defendant’s status as a career offender, “[t]he district court did not apply the ‘career offender’ guideline sentence and sentenced Jackson to 150 months.” Id. at 443. In that opinion, “[w]e recognize[d] that the defendant’s criminal history required the district court to consider the career offender guidelines,” but in reaching our decision, “we focus[ed] on the range that was actually applied to the defendant in this case,” which was the drug quantity range. Id. at 444. Ultimately, we held,
If a sentencing judge, having found a defendant to be a career offender, then decides to sentence defendant below the range for career offenders and notes his policy disagreement with the crack cocaine guidelines, ordinary review would say that the sentence was as much “based on” the crack cocaine guidelines as the career offender guidelines.
Id. at 445. Under this holding, we were compelled to reverse and remand for re-sentencing so the district court could evaluate whether the revised guidelines should be considered in determining the defendant’s sentence. Id.
Two facts in Jackson render it distinguishable from the present case. First, in Jackson, we found that the sentencing court did not apply the career offender range, which is in direct contravention to our finding here. See United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013). If, as in Jackson, we reviewed the sentencing hearing transcript and determined that the sentencing court only relied upon the drug quantity range as its point of departure, the outcome here might be different. Second, and perhaps more telling, Jackson involved a unique procedural posture: we reviewed the defendant’s sentence on direct appeal, “in the immediate wake of the [passage of the FSA] after a district judge explicitly delayed sentencing in hopes of the Act’s imminent passage.” See Riley, 726 F.3d at 761. Accordingly, Jackson was not a § 3582(c)(2) case and did not address Pembrook or the applicable guideline range as defined in § 1 B1.10. See Scott, 523 Fed.Appx. at 371-72. Because of these distinctions, the prece-dential authority of Jackson is limited for this case.
Johnson also claims that Pembrook is no longer binding, because we implicitly rejected its holdings in Jackson. However, our 2013 decision in Joiner considering the applicable guideline range as the pre-de-parture range and citing to Pembrook suggests otherwise. Joiner, 727 F.3d at 604-05. Moreover, we do not have the authority to overrule our own precedent and we may modify only if an intervening decision of the United States Supreme Court requires us to do so. United States v. Young, 580 F.3d 373, 379 (6th Cir.2009). Therefore, any implicit rejection of Pem-brook present in Jackson is simply ineffectual without an intervening Supreme Court mandate. Johnson argues that Freeman v. United States, — U.S.-, 131 S.Ct. *566 2685, 180 L.Ed.2d 519 (2011), mandated the rejection of Pembroolc when it interpreted the term “based on” to mean any-sentencing guideline range that “was a relevant part of the analytic framework the judge used to determine the sentence.” Id. at 2693 (Kennedy, J.). Using this definition, Johnson seems to argue that the district court’s references to the drug quantity range may qualify it as an applicable guideline range.
Freeman is a plurality opinion, and the Supreme Court has instructed that “[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.” Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (internal quotation marks and citation omitted). We have determined that “Justice Sotomayor’s opinion is the narrowest ground for the Court’s decision and thus represents the Court’s holding in Freeman.” United States v. Smith, 658 F.3d 608, 611 (6th Cir.2011). Therefore, Justice Kennedy’s definition of “based on” is not binding. See Drewery, 531 Fed.Appx. at 680. Further, Justice Sotoma-yor’s holding itself is narrow, and pertains to whether a defendant who enters a Rule 11(c)(1)(C) agreement for a specific sentence can later file a motion under § 3582(c)(2) for a sentence modification. Thompson, 714 F.3d at 949. Accordingly, Freeman does not invalidate Pembrook.
Johnson also argues that U.S.S.G. § 1B1.10 commentary containing the “applicable guideline range” definition is not binding on us by virtue of Jackson and Freeman. We held in United States v. Horn, 679 F.3d 397, 402 (6th Cir.2012), that the Sentencing Commission’s policy statements on whether other guideline amendments are retroactive are binding. This conclusion is a logical deduction from the express language of § 3582(c)(2), which requires that sentence reductions be “consistent with applicable policy statements.” Id.; Hameed, 614 F.3d at 267 (“The Commission’s policy statements are mandatory ... in the sentence-modification context, not by dint of the guidelines themselves but based on the plain text of a federal statute, § 3582(c)(2).”). Contrary to Johnson’s argument, Horn remains good law. Jackson did not concern the definition of applicable guideline range in U.S.S.G. § 1B1.10. Moreover, Freeman does not require an alternate result. Even the dissent characterizes U.S.S.G. § lB1.10(b)(l) as “the Sentencing Commission’s policy statement governing whether a defendant is eligible for a reduction under § 3582(c)(2),” and declares that “ § 3582(c)(2) requires a district court ‘to follow the Commission’s instructions in § 1B1.10 to determine the prisoner’s eligibility for a sentence modification.’” Freeman, 131 S.Ct. at 2702 (Roberts, J., dissenting) (quoting Dillon v. United States, 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010)). That U.S.S.G. § lB1.10(b)(l) governs sentence reduction under § 3582(c)(2) and requires the district court’s compliance, contentions not contradicted in the plurality or concurring opinions, support the conclusion that Horn is still good law.
In sum, Johnson is not entitled to a sentence modification under 18 U.S.C. § 3582(c)(2), because the career offender range is the applicable guideline range, as U.S.S.G. § 1B1.10 defines the term. Jackson and Freeman do not demand a different conclusion. The district court did not err in denying Johnson the relief he sought. AFFIRMED.