NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0222n.06

No. 14-5406

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANTWONE MAURICE SHAW, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Mar 23, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE: GIBBONS and STRANCH, Circuit Judges; REEVES, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.** Antwone Shaw sought re-sentencing under *Dorsey v. United States*, 132 S. Ct. 2321 (2012), by filing a motion to correct his sentence under 28 U.S.C. § 2255. Shaw argued that the Fair Sentencing Act (FSA) took effect before he was sentenced, entitling him to the benefit of the five-year, not the ten-year, statutory minimum sentence. Because applying the FSA's lower statutory minimum would not have resulted in a lower sentence for Shaw, we AFFIRM the district court's denial of the § 2255 motion.

## I. BACKGROUND

In late July 2010, Shaw entered a guilty plea to various drug trafficking offenses that involved fifty grams or more of crack cocaine. Under the law at that time, Shaw faced a

---

[*]The Honorable Pamela L. Reeves, United States District Judge for the Eastern District of Tennessee, sitting by designation.

statutory minimum sentence of ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii) (effective April 15, 2009 to Aug. 2, 2010). As part of a plea agreement, the government agreed not to seek further enhancement of the statutory minimum penalty under 21 U.S.C. § 851 based on Shaw's prior felony drug convictions. The government further agreed to recommend a three-level reduction for acceptance of responsibility and a sentence of imprisonment at the low end of the applicable guideline range, but not less than any mandatory minimum term of imprisonment required by statute.

One week after the district court accepted Shaw's guilty plea, the FSA took effect. Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). In that legislation, Congress adjusted the amounts of crack cocaine required to trigger certain statutory minimum sentences. The FSA effectively lowered the statutory minimum sentence of imprisonment for drug crimes involving fifty grams or more of crack cocaine from ten years to five years. 21 U.S.C. § 841(b)(1)(B)(iii) (effective Aug. 3, 2010).

In September 2010, before Shaw was sentenced, our court held that the FSA's reduced statutory minimum sentences did not apply to defendants who committed their crimes before, but were sentenced after, the effective date of the FSA. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). The Supreme Court later abrogated *Carradine* in 2012 when it ruled that the FSA's more lenient statutory penalties *do* apply to those defendants who were charged before, but sentenced after, the effective date of the FSA. *Dorsey*, 132 S. Ct. at 2331; *United States v. Hogg*, 723 F.3d 730, 732 (6th Cir. 2013) (recognizing that *Dorsey* abrogated *Carradine*). When the district court sentenced Shaw on February 4, 2011, however, *Dorsey* had not been decided and the court was bound by *Carradine* to apply the pre-FSA ten-year statutory minimum sentence. The court granted Shaw the benefit of the lowered crack cocaine sentencing

guidelines, effective November 1, 2010, that were promulgated by the Sentencing Commission on an emergency basis as directed by Congress in the FSA. The Presentence Report (PSR) set Shaw's total adjusted offense level at 25. With a criminal history category of IV, the advisory guideline range was 84 to 105 months. By operation of USSG § 5G1.1(b), however, Shaw's "guideline sentence" became the higher statutory minimum term of 120 months of imprisonment.[1]

At the sentencing hearing, the government made an oral motion under 18 U.S.C. § 3553(e) to allow the court to depart below the statutory minimum sentence of 120 months to reward Shaw for his substantial assistance. The government requested a sentence of 84 months at the bottom of the guideline range, but it expressly declined to make a motion under USSG § 5K1.1 to allow the court to depart below 84 months. Citing the § 3553(a) factors, Shaw requested a downward variance to 60 months of imprisonment to give him credit for time served in state custody on a probation revocation sentence arising out of the same facts as the federal charges.

The district court characterized the government's requested 84-month sentence as "certainly a very reasonable recommendation," R. 131 Page ID 477, but granted Shaw a 9-month downward variance to give credit for time already served in state custody. The court imposed the sentence of 75 months of imprisonment on each count, to run concurrently, followed by five years of supervised release. The judgment was entered on February 14, 2011, and Shaw filed a

---

[1]USSG § 5G1.1(b) provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

notice of appeal.[2] He later voluntarily dismissed both his direct appeal and an appeal from the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).

In this § 2255 proceeding, Shaw again sought application of the FSA and a reduced sentence. The district court reasoned that the only effect the FSA and *Dorsey* had on Shaw's sentencing was to lower the statutory minimum sentence from 120 months to 60 months. The statutorily-required sentence of 60 months fell below the 75-month sentence the court actually imposed. Because the FSA did not affect the legality of the sentence as originally imposed, the district court denied Shaw's § 2255 motion.[3]

## II. ANALYSIS

When reviewing the denial of a § 2255 motion, we evaluate the district court's legal conclusions *de novo* and uphold its factual findings unless they are clearly erroneous. *Howard v. United States*, 743 F.3d 459, 463 (6th Cir. 2014). The government does not dispute that § 2255 provides Shaw with a procedural mechanism to seek the benefits of *Dorsey*, *see United States v. Parker*, 762 F.3d 801, 805 (8th Cir. 2014), but the government does not agree that Shaw is entitled to any relief.

An inmate in federal custody may attack his sentence collaterally if he can demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under our precedent, "[a] motion brought under § 2255 must allege one of

---

[2]Although Shaw agreed in his plea agreement to waive his right to direct appeal and to file a § 2255 motion, the government has not sought to enforce Shaw's waivers.

[3]We take judicial notice that, on January 15, 2015, the district court further reduced Shaw's sentence under § 3582(c)(2) to 62 months of imprisonment, effective November 1, 2015, based on a crack cocaine guideline recently lowered by the Sentencing Commission. R. 182.

three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

Shaw does not point us to any error of constitutional magnitude that occurred at his sentencing hearing. He argued below that his sentence violated the Equal Protection Clause of the Constitution, but he has not renewed that argument on appeal. He also does not contend that his sentence was outside the statutory limits. Thus, to prevail under § 2255, Shaw must establish that a fundamental error of fact or law rendered his entire sentencing proceeding invalid. He has not carried his burden to make this showing.

Most of the cases Shaw cites in support of his request for relief were decided in the context of sentencing reduction motions filed under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. Those authorities do not apply here. The only question we must address in this § 2255 proceeding is whether the district court's application of the 120-month statutory minimum at the original sentencing, rather than the FSA's lower 60-month minimum, constituted a fundamental defect in the sentencing that resulted in a complete miscarriage of justice or an egregious error in violation of Shaw's due process rights. *See Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999).

We conclude that no such fundamental error of fact or law occurred because our *Carradine* holding required the district court to apply the 120-month statutory minimum that was in effect at the time of the original sentencing in February 2011. Although *Dorsey* later clarified that the FSA's lower 60-month statutory minimum applied to Shaw, his sentence would nonetheless remain the same, even applying the lower minimum penalty. A statutory minimum

sentence of 60 months lies below the bottom of Shaw's guideline range of 84 to 105 months, and the government declined to make a § 5K1.1 motion that would have allowed the court to depart below the bottom of the guideline range for substantial assistance. To Shaw's benefit, the district court varied downward to impose a sentence of 75 months to grant Shaw credit for time served in state custody. The FSA's lower statutory minimum, even if applied, would have had no effect on Shaw's sentence. *See United States v. Joiner*, 727 F.3d 601, 607–08 (6th Cir. 2013) (discussing cases where a statutory minimum below the defendant's guideline range plays no role in sentencing).

Shaw contends that he is entitled to a sentencing reduction because the FSA effectively lowered his guideline range. He reasons that, because the pre-FSA statutory minimum of 120 months was higher than the guideline range of 84 to 105 months, USSG § 5G1.1(b)(1) increased his guideline sentence to 120 months. Then, when the FSA lowered the statutory minimum from 120 months to 60 months, the FSA had the effect of lowering his guideline range and now he should receive a sentencing reduction. This argument would be relevant if Shaw were requesting a sentencing reduction under § 3582(c)(2). Under that statute, Shaw would have to show that his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, the issue for resolution is whether Shaw can show a fundamental defect in his original sentencing that requires § 2255 relief, and he has not done so.

### III. CONCLUSION

The district court properly followed existing law when, at the original sentencing in February 2011, it applied the pre-FSA statutory minimum of 120 months. *Dorsey* later clarified that the FSA's lower statutory minimum applied, but because that penalty was below Shaw's

guideline range, it had no effect on his sentencing. Shaw has not demonstrated that a fundamental defect in his sentencing resulted in a complete miscarriage of justice or an egregious error in violation of his due process rights. Accordingly, we AFFIRM the judgment of the district court.