NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0055n.06

Case No. 15-5729

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 28, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| ADAM SAEED-WATARA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: MERRITT, GIBBONS and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** In August 2010, after the jury found him guilty of conspiring to possess with intent to distribute one kilogram or more of heroin, defendant Adam Saeed-Watara was sentenced to a prison term of 121 months. In 2015, defendant requested a reduction of his sentence under 18 U.S.C. § 3582(c)(2) in light of the subsequent amendment of the applicable sentencing guidelines range. The guidelines range applicable at the time of his original sentencing was 121 to 151 months. After the guidelines ranges applicable to most drug-trafficking offenses were amended, *see* U.S.S.G. § 2D1.1, defendant would have been subject to an advisory guidelines range of 97 to 121 months—but for the statutory mandatory minimum sentence applicable to his offense. Hence, although defendant asked that his sentence be reduced to 97 months, the district court granted only a one-month reduction, concluding that the mandatory minimum sentence of 120 months precluded any greater reduction. Defendant

appeals, contending the district court erred as a matter in holding that the mandatory minimum applies.

Inasmuch as defendant challenges the sentencing decision as a "violation of law," we have jurisdiction under 18 U.S.C. § 3742(a)(1). *See United States v. Bowers*, 615 F.3d 715, 723 (6th Cir. 2010). The claim that the district court committed legal error is subject to de novo review. *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013).

The lynchpin of defendant's argument is found in the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), decided after his original sentencing and before his sentence was modified. *Alleyne* holds that a fact triggering a mandatory minimum sentence constitutes an element of the offense that must be found by the jury beyond a reasonable doubt. *Id.* at 2161–62. When defendant was tried, pre-*Alleyne*, the jury found him guilty of the charged offense, i.e., conspiring to possess with intent to distribute more than one kilogram of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. However, defendant contends, the jury was never required to *specifically* find, as an element of the offense, that he conspired to possess a kilogram or more of heroin. Hence, he argues the drug-quantity fact triggering application of the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) cannot be constitutionally applied in his resentencing under 18 U.S.C. § 3582(c).

The argument is not without facial appeal, but the fallacy resides in the final phrase. *See* U.S.S.G. § 1B1.10(a)(3). A § 3582(c)(2) sentence modification is not a "resentencing." "Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010).

> By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the "modif[ication of] a term of imprisonment" by giving courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission.

*Id.* at 825 (alteration in original). In language directly responsive to defendant's present argument, the *Dillon* Court further explained:

> Section 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range *that would have been applicable to the defendant*" *had the relevant amendment been in effect at the time of the initial sentencing.* "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

*Id.* at 827 (alteration in original; emphasis added).

Thus, § 3582(c)(2) authorizes a very limited reopening and modification of the otherwise final sentence. The district court was limited to substituting the amended guidelines range for the superseded guidelines range originally applied, leaving all other guidelines application decisions unaffected. It is undisputed here that "had the relevant amendment been in effect at the time of the initial sentencing," in the pre-*Alleyne* era, the amended guidelines range of 97 to 121 months would have been constrained by the applicable ten-year mandatory minimum sentence, yielding a truncated range of 120 to 121 months. It follows that the district court, in reducing defendant's sentence, was entirely faithful to the process described in *Dillon*. In reducing defendant's sentence to 120 months, the district court imposed a sentence, as it had originally, at the low end of the applicable guidelines range. Because of the statutory mandatory minimum, this was the greatest permissible reduction. The Court's intervening decision in *Alleyne* did not warrant re-opening the factual premises for the mandatory minimum because such relief is beyond the scope of the limited authorization granted by § 3582(c)(2). This is made clear in

*Dillon*, as the Court stated, "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." 560 U.S. at 828.

Further, the district court's sentence modification decision is entirely consonant with *Dillon*'s final conclusion:

> As noted, § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.

*Id.* at 831. Thus, again, because the factual requisites needed to trigger the mandatory minimum at the time of the original sentencing were not affected by the Sentencing Commission's amendment of the applicable guidelines range, the district court properly declined to address the impact of *Alleyne*. It had no authority to do so under § 3582(c)(2). *See also United States v. Blewett*, 746 F.3d 647, 657 (6th Cir. 2013) (en banc) ("Section 3582(c)(2) allows consideration only of retroactive amendments to the sentencing guidelines, with other sentencing elements—mandatory minimums included—held constant."); *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) ("When modifying a sentence, a court should substitute only the retroactive amendment and then leave all original guidelines determinations in place. *See Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011).").

Moreover, even if we were to hold that the district court erred by not considering the impact of *Alleyne*, the result would remain unchanged. The record of defendant's trial discloses that the jury was explicitly and properly instructed:

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of a conspiracy, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

Number one, that two or more persons conspired and agreed to knowingly and intentionally distribute or possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a controlled substance; two, that the defendant knowingly and voluntarily joined the conspiracy; and three, that the defendant participated in the conspiracy.

R. 72, Trial Tr. 2-55–2-56, Page ID 568–69. Presuming, as we must, that the jury followed the instructions, *see United States v. Lawrence*, 735 F.3d 385, 403 (6th Cir. 2013)—and defendant having offered nothing rebutting the presumption—the verdict finding defendant guilty of the only offense charged cannot be viewed as other than a finding that the mandatory-minimum-triggering facts were found by the jury beyond a reasonable doubt—i.e., that the conspiracy defendant knowingly and voluntarily joined involved one or more kilograms of a mixture or substance containing heroin. It follows that even if the rule of *Alleyne* applied, the district court would have been constrained by the mandatory minimum to grant a reduction no lower than 120 months.

Accordingly, defendant's contention that the district court erred as a matter of law is without merit. The sentence modification order is **AFFIRMED**.

**MERRITT, Circuit Judge, concurring in part.** Saeed-Watara's case can be disposed of based on the fact that his *Alleyne* argument fails. Even if he was permitted to raise his *Alleyne* challenge in his 18 U.S.C. § 3582(c)(2) proceeding, Saeed-Watara would still lose because the jury instructions unmistakably required the jury to find beyond a reasonable doubt that he committed a crime involving "1 kilogram or more of a mixture or substance containing a detectable amount of heroin," 21 U.S.C. § 841(b)(1)(A)(i). Thus, it is not necessary for us to consider whether his *Alleyne* argument was properly raised in the context of his 18 U.S.C. § 3582(c)(2) proceeding.

Moreover, if Saeed-Watara had a valid *Alleyne* argument — that is, if the fact triggering his statutory minimum was not found by a jury beyond a reasonable doubt — I doubt that *Dillon* would prevent him from objecting at his resentencing to the imposition of a statutory minimum that was not implicated and imposed at his original sentencing. I would affirm the district court's judgment based only on the fact that Saeed-Watara's *Alleyne* argument fails, and I join Judge McKeague's opinion except to the extent that it holds that Saeed-Watara could not raise his *Alleyne* challenge in his 18 U.S.C. § 3582(c)(2) proceeding.